Citation Nr: 1505516 
Decision Date: 02/05/15 Archive Date: 02/18/15

DOCKET NO. 09-46 646A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for a neck disability.


REPRESENTATION

Appellant represented by: Kurt P. Leffler, attorney


ATTORNEY FOR THE BOARD

T. Azizi-Barcelo, Counsel


INTRODUCTION

The Veteran had active service from February 1981 to June 1989. 

This matter comes before the Board of Veterans' Appeals on appeal of a May 2005 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). 

In May 2009, and February 2012, the Board remanded the appeal for additional development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran asserts that his current neck disability, diagnosed as degenerative disc disease of the cervical spine, is related to his service as fighter pilot manning high performance jets. These jets, particularly the F-16s, were capable of sustaining high gravitational forces. Allegedly, in this capacity, when executing the maneuvers necessary to be a proficient pilot, the Veteran experienced pain in his neck. In essence, the Veteran argues that his current neck disability was caused by repeated strain on his cervical spine from when his body was yanked or jerked due to exposure to high gravitational forces while executing piloting maneuvers in high performance jets.

Pursuant to the February 2012 Board remand instructions, the Veteran underwent a VA examination in April 2012. The examiner was advised that the Veteran is competent to report observable symptoms experienced during and after service, including, in part, neck pain, and that any opinion proffered should contemplate these symptoms. Following an examination of the Veteran and a review of the claims file, the examiner diagnosed cervical degenerative disc disease and opined that the neck condition was not service connected because there was no military medical record of treatment for a neck condition. Unfortunately, the report was not fully responsive to the Board's remand instructions. Thus, an additional opinion is needed. 

Accordingly, the case is REMANDED for the following action:

1. Return the claims file to the examiner who conducted the April 2012 VA examination, if available. If that examiner is not available, the file should be forwarded to a VA physician to obtain the opinion. If an examination is deemed necessary to responded to the question, one should be scheduled. Following review of the claims file and the April 2012 examination report with June 2012 addendum, the examiner should explain why the Veteran's current cervical spine disability is not merely a delayed manifestation of the being exposed to high gravitational forces while flying high performance jets during aerial combat maneuvers. 

2. After the above has been completed, the AOJ should readjudicate the claim. If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case and provided an opportunity to respond before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
K.A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).